

## Superior Court of the District of Columbia
### Civil - Civil Actions Branch
### 500 Indiana Ave NW, Room 5000, Washington DC 20001
### (202) 879-1133 | www.dccourts.gov

**Case Number:** 2023-CAB-003855

**Case Caption:** HRH Services L.L.C. et. al. v. Travelers Indemnity Company et. al.

## INITIAL ORDER

| Initial Hearing Date: | Initial Hearing Time: | Courtroom Location: |
| --- | --- | --- |
| Friday, 09/29/2023 | 9:30 AM | Remote Courtroom 517 |
| **Please see attached instructions for remote participation.** | | |
| Your case is assigned to Associate Judge Shana Frost Matini. | | |

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("Super. Ct. Civ. R.") 40-I, it is hereby ORDERED as follows:

1) This case is assigned to the judge and calendar designated above. All future filings in this case shall bear the calendar number and judge's name along with the case number in the caption.

2) Within 60 days of the filing of the complaint, plaintiff must file proof of service on each defendant of copies of the summons, the complaint, and this Initial Order. The court will dismiss the claims against any defendant for whom such proof of service has not been filed by this deadline, unless the court extended the time for service under Rule 4.

3) Within 21 days of service (unless otherwise provided in Rule 12), each defendant must respond to the complaint by filing an answer or other responsive pleading. The court may enter a default and a default judgment against any defendant who does not meet this deadline, unless the court extended the deadline under Rule 55(a).

4) At the time stated below, all counsel and unrepresented parties shall participate in a hearing to establish a schedule and discuss the possibilities of settlement. Counsel shall discuss with their clients before the hearing whether the clients are agreeable to binding or non-binding arbitration. This order is the only notice that parties and counsel will receive concerning this hearing.

5) If the date or time is inconvenient for any party or counsel, the Civil Actions Branch may continue the Conference once, with the consent of all parties, to either of the two succeeding days when the calendar is called. To reschedule the hearing, a party or lawyer may call the Branch at (202) 879-1133. Any such request must be made at least seven business days before the scheduled date. No other continuance will be granted except upon motion for good cause shown.

6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Anita M. Josey-Herring

**To Join by Computer, Tablet, or Smartphone:**

1) Copy and Paste or Type the link into a web browser and enter the Webex Meeting ID listed below.

   Link: dccourts.webex.com/meet/ctb517

   Meeting ID: 129 911 6415

2) When you are ready, click "Join Meeting".
3) You will be placed in the lobby until the courtroom clerk gives you access to the hearing.

**Or to Join by Phone:**

1) Call 202-860-2110 (local) or 844-992-4726 (toll-free)
2) Enter the Webex Meeting ID listed above followed by "##"

**Resources and Contact Information:**

1) For best practices on how to participate in Webex Meetings, click here https://www.webex.com/learn/best-practices.html.
2) For technical issues or questions, call the Information Technology Division at 202-879-1928 and select option 2.
3) For case questions, call the Civil Actions Branch Clerk's Office at (202) 879-1133.

## ACCESSIBILITY AND LANGUAGE ACCESS

### Persons with Disabilities:

If you have a disability as defined by the American Disabilities Act (ADA) and you require an accommodation, please call 202-879-1700 or email ADACoordinator@dcsc.gov . The D.C. Courts does not provide transportation service.

### Interpreting and Translation Services:

The D.C. Courts offers free language access services to people having business with the court who are deaf or who are non-English speakers. Parties to a case may request free translations of court orders and other court documents. To ask for an interpreter or translation, please contact the Clerk's Office listed for your case. For more information, visit https://www.dccourts.gov/language-access.

### Servicios de interpretación y traducción:

Los Tribunales del Distrito de Columbia ofrecen servicios gratuitos de acceso al idioma a las personas sordas o que no hablan inglés que tienen asuntos que atender en el tribunal. Las partes de un caso pueden solicitar traducciones gratuitas de las órdenes judiciales y otros documentos del tribunal. Para solicitar un intérprete o una traducción, póngase en contacto con la Secretaría de su caso.

Para más información, visite https://www.dccourts.gov/language-access.

El acceso al idioma es importante para los Tribunales del Distrito de Columbia. Puede dar su opinión sobre los servicios de idiomas visitando https://www.dccourts.gov/services/information-and-resources/interpreting-services#language-access.

### የቃልና የጽሑፍ ትርጓሜ አገልግሎቶች፦

የዲ.ሲ ፍርድ ቤቶች መስማት ለተሳናቸውና የእንግሊዝኛ ቋንቋ ተናጋሪ ላልሆኑ በፍርድ ቤቱ ጉዳይ ላላቸው ሰዎች ነጻ የቋንቋ ተደራሽነት አገልግሎቶች ያቀርባል። ተከራካሪ ወገኖች የፍርድ ቤት ትእዛዞችና ሌሎች የፍርድ ቤት ሰነዶች በነጻ እንዲተረጎሙላቸው መጠየቅ ይችላሉ። የቃል ወይም የጽሑፍ ትርጓሜ ለመጠየቅ እባክዎን በመዝገብዎ የተዘረዘሩትን የጸሀፊ ቢሮ (ክላርክ'ስ ኦፊስ) ያናግሩ። ለተጨማሪ መረጃ https://www.dccourts.gov/language-access ይጎብኙ።

የቋንቋ ተደራሽነት ለዲ.ሲ. ፍርድ ቤቶች አስፈላጊ ነው። የቋንቋ አገልግሎቶች በተመለከተ አስተያየትዎን https://www.dccourts.gov/services/information-and-resources/interpreting-services#language-access በመጎብኘት መስጠት ይችላሉ።

# Tips for Attending Remote Hearings - Civil Division

*Your court hearing may be held remotely. This means that you will participate by phone or by video conference instead of coming to the courthouse. Here are some tips on how to prepare.*

## How do I know if I have a remote hearing?

The Court will contact you to tell you that your hearing is remote. They may contact you by sending you an email, letter in the mail, or by calling you.



## How do I take part in a remote hearing?

The Court will give you step-by-step instructions on how to take part in the remote hearing.

If you lose your written notice, call the Civil Actions Clerk's Office for instructions at:

 202-879-1133

## Is there anything that I should do before the day of the hearing?

- Let the court know immediately if you cannot join a hearing because you do not have a phone or computer.

  Civil Actions Clerk's Office: 202-879-1133

- You may want to contact an attorney for legal help.

- You can also find the list of legal services providers at dccourts.gov/coronavirus by clicking on the link that says, "List of Legal Service Providers for Those Without an Attorney."

- Evidence: if you want the judge to review photos or documents, ask the judge how to submit your evidence.

- Witnesses: tell the judge if you want a witness to testify at your hearing.

- Accommodations & Language Access: let the court know if you need an interpreter or other accommodation for your hearing.

## Tips for the Hearing



- Join the hearing a few minutes early!

- Charge your computer or phone and make sure you have enough minutes to join the call. Find a private and quiet space. If possible, be alone in a room during the hearing. Try to limit distractions as much as possible. If others are in the room with you, ask if they can be quiet during the hearing.

- Mute your microphone when you are not talking. Mute all sounds on your phone or computer.

- Say your name before you speak so the record is clear. Be prepared to identify your role in the hearing (e.g., observer, plaintiff, defendant, witness, etc.).

- Speak slowly and clearly so everyone hears what you are saying.

- Pause before speaking in case there is a lag. Use a headset or headphones if you can. This will free up your hands and sound better.

- Try not to talk over anyone else. Only one person can speak at a time. If you talk while someone else is talking, the judge will not be able to hear you.

- Have all your documents for the hearing in front of you. Have a pen and paper to take notes.

- If you are not ready for your hearing or want to speak with an attorney, you can ask the judge to postpone your hearing for another date.

- If your sound or video freezes during the hearing, use the chat feature or call the Clerk's Office to let them know that you are having technical issues.

## Special Tips for Video Hearings (Click here for more information)



- Download the court's hearing software, WebEx, in advance and do a test run! The Court will provide you with a WebEx link in advance of the hearing.

- Set up the camera at eye level. If you are using your phone, prop it up so you can look at it without holding it.

- Look at the camera when you speak and avoid moving around on the video.

- Wear what you would normally wear to court.

- Sit in a well-lit room with no bright lights behind you.

- If possible, find a blank wall to sit in front of. Remember the judge will be able to see everything on your screen, so pick a location that is not distracting.




# District of Columbia Courts

# Tips for Using DC Courts Remote

The DC Courts have **remote hearing sites** available in various locations in the community to help persons who may not have computer devices or internet service at home to participate in scheduled remote hearings.  The Courts are committed to enhancing access to justice for all.

There are six remote access sites throughout the community which will operate: **Monday – Friday, 8:30 am – 4:00 pm.**

**The remote site locations are:**



| **Remote Site - 1**<br>Balance and Restorative Justice Center<br>1215 South Capitol Street, SW<br>Washington, DC 20003 | **Remote Site - 4**<br>Balance and Restorative Justice Center<br>920 Rhode Island Avenue, NE<br>Washington, DC 20018 |
|---|---|
| **Remote Site - 2**<br>Balance and Restorative Justice Center<br>1110 V Street, SE<br>Washington, DC 20020 | **Remote Site - 5**<br>Reeves Center<br>2000 14th Street, NW, 2nd Floor<br>Community Room<br>Washington, DC 20009 |
| **Remote Site - 3**<br>Balance and Restorative Justice Center<br>118 Q Street, NE<br>Washington, DC 20002 | **Remote Site - 6**<br>Reeves Center<br>2000 14th Street, NW, Suite 300N<br>Office of the Tenant Advocate<br>Washington, DC 20009<br>*** No walk-ins at this location*** |

If you want to use a remote site location for your hearing, call **202-879-1900** or email DCCourtsRemoteSites@dcsc.gov **at least 24 hours before your hearing to reserve a remote access computer station**.  If you require special accommodations such as an interpreter for your hearing, please call **202-879-1900 at least 24 hours in advance of your hearing so the Courts can make arrangements**.

**\*You should bring the following items when you come to your scheduled site location\***

1. Your **case number** and any **hyperlinks** provided by the Courts for your scheduled hearing.
2. Any documents you need for the hearing (evidence), including exhibits, receipts, photos, contracts, etc.
3. Materials for notetaking, including pen and paper.

**\*Safety and security measures are in place at the remote sites.**

**Contact information to schedule your remote access computer station:**
Call: **202-879-1900**
Email:  DCCourtsRemoteSites@dcsc.gov

# Tribunales del Distrito de Columbia

## Consejos para usar los sitios de audiencia remota de los Tribunales de DC



Los Tribunales de DC disponen de **sitios de audiencia remota** en distintos centros de la comunidad para ayudar a que las personas que no tienen dispositivos informáticos o servicio de Internet en su casa puedan participar en audiencias remotas programadas. Los Tribunales honran el compromiso de mejorar el acceso de toda la población a la justicia.

En toda la comunidad hay seis sitios de acceso remoto que funcionarán de **lunes a viernes, de 8:30 am a 4:00 pm**.

### Los centros de acceso remoto son:



**Sitio Remoto - 1**
Balance and Restorative Justice Center
1215 South Capitol Street, SW
Washington, DC 20003

**Sitio Remoto - 2**
Balance and Restorative Justice Center
1110 V Street, SE
Washington, DC 20020

**Sitio Remoto - 3**
Balance and Restorative Justice Center
118 Q Street, NE
Washington, DC 20002

**Sitio Remoto - 4**
Balance and Restorative Justice Center
920 Rhode Island Avenue, NE
Washington, DC 20018

**Sitio Remoto - 5**
Reeves Center
2000 14th Street, NW, 2nd Floor
Community Room
Washington, DC 20009

**Sitio Remoto - 6**
Reeves Center
2000 14th Street, NW, Suite 300N
Office of the Tenant Advocate
Washington, DC 20009
*No se puede entrar sin cita previa*

Si desea usar un sitio remoto para su audiencia, llame al **202-879-1900** o envíe un mensaje de correo electrónico a DCCourtsRemoteSites@dcsc.gov **al menos 24 horas antes de la audiencia, para reservar una estación de computadora de acceso remoto.** Si necesita adaptaciones especiales, como un intérprete para la audiencia, llame **al 202-879-1900 al menos 24 horas antes de la audiencia para que los Tribunales puedan hacer los arreglos necesarios.**

**\*Cuando concurra al sitio programado debe llevar los siguientes artículos\***

1. Su **número de caso** y todos los **hipervínculos** que le hayan proporcionado los Tribunales para la audiencia programada.

2. Cualquier documento que necesite para la audiencia (prueba), incluidos documentos probatorios, recibos, fotos, contratos, etc.

3. Materiales para tomar nota, como papel y lápiz.

**\*Los sitios de acceso remoto cuentan con medidas de seguridad y protección.**

**Información de contacto para programar su estación de computadora de acceso remoto:**
Teléfono: **202-879-1900**
Correo electrónico: DCCourtsRemoteSites@dcsc.gov




**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
**DIVISIÓN CIVIL**
**Sección de Acciones Civiles**
**500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001**
**Teléfono: (202) 879-1133 Sitio web: www.dccourts.gov**

---

HRH Services L.L.C., et al.
_____
                              Demandante
            contra

                                                  Número de Caso: _____

Northfield Insurance Company
_____
                              Demandado

## CITATORIO

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veintiún (21) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días, contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que usted le entregue al demandante una copia de la Contestación o en el plazo de siete (7) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

Brendan Klaproth
_____          *SECRETARIO DEL TRIBUNAL*
Nombre del abogado del Demandante

2300 Wisconsin Ave NW, Suite 100A                 Por: _____
_____                              Subsecretario
Dirección
Washington, DC 20007
_____

202-618-2344                                       Fecha _____
_____
Teléfono
如需翻译,请打电话 (202) 879-4828        Veuillez appeler au (202) 879-4828 pour une traduction        Để có một bài dịch, hãy gọi (202) 879-4828

만약에 번역을 원하시면 (202) 879-4828 로 전화주십시오        የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍA RETENÉRSELE SUS INGRESOS, O PODRÍA TOMÁRSELE SUS BIENES PERSONALES O BIENES RAÍCES Y SER VENDIDOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, *NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO*.

Si desea conversar con un abogado y le parece que no puede pagarle a uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse sobre otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

CV-3110 [Rev. June 2017]                                                        Super. Ct. Civ. R. 4



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
**Civil Actions Branch**
**500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001**
**Telephone: (202) 879-1133 Website: www.dccourts.gov**

## HRH Services L.L.C., et al.
_____
Plaintiff

vs.                                                                    **2023-CAB-003855**

Case Number _____

## Northfield Insurance Company
_____
Defendant

### SUMMONS

To the above named Defendant:

      You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty one (21) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

      You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within seven (7) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

**Brendan J. Klaproth**
_____
Name of Plaintiff's Attorney

**2300 Wisconsin Ave NW, #100A**
_____
Address
Washington, DC 20007

**202-618-2344**
_____
Telephone

*Clerk of the Court*

By _____
Deputy Clerk

Date          **June 29, 2023**

如需翻译, 请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828로 전화주세요    የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሱ

      IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

      If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

CV-3110 [Rev. June 2017]                               Super. Ct. Civ. R. 4



# KLAPROTH LAW PLLC

July 6, 2023

**FIRST-CLASS CERTIFIED MAIL RETURN RECEIPT**

Northfield Insurance Company
c/o Corporation Service Company
505 5ᵗʰ Ave, STE 729
Des Moines, IA 50309

    Re:    HRH Services L.L.C., *et al.* v. Travelers Indemnity Company, *et al.*
           (2023-CAB-003855)

Dear Sir or Madam:

    I am the attorney for HRH Services, L.L.C. and Rachel Traverso in the above-captioned lawsuit in the Superior Court for the District of Columbia. Enclosed please find the following documents: (1) Complaint; (2) Summons; and (3) Initial Order.

                    Sincerely,

                    Brendan Klaproth

---

2300 Wisconsin Ave NW, Suite 100A, Washington, DC 20007        T: (202) 618-2344
www.klaprothlaw.com                                    F: (202) 618-4636

Superior Court
of the District of Columbi

## IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

**HRH Services L.L.C.**
c/o Klaproth Law PLLC
2300 Wisconsin Ave NW
Suite 100A
Washington, DC 20007

**Rachel Traverso**
c/o Klaproth Law PLLC
2300 Wisconsin Ave NW
Suite 100A
Washington, DC 20007

    Plaintiff,

      v.

**Travelers Indemnity Company**
One Tower Square, 4MN
Hartford, Ct 06183

    Serve:  ATTN: Mary Restelli
             One Tower Square, 4MN
             Hartford, Ct 06183

**Northfield Insurance Company**
505 5th Avenue
Des Moines, IA 50309

    Serve:  Corporation Service Company
             505 5th Ave, STE 729
             Des Moines, IA 50309

    Defendants

**Civ. No.**    2023-CAB-003855

## COMPLAINT AND JURY DEMAND

    Plaintiffs HRH Services L.L.C. ("HRH") and Rachel Traverso, by their attorney, alleges

for their Complaint herein:

1

## PRELIMINARY STATEMENT

1.      This is a lawsuit against Defendants Travelers Indemnity Company ("Travelers") and Northfield Insurance Company ("Northfield") for failing to timely process and pay an insurance claim, and for its bad faith to effectuate prompt, fair, and equitable settlement of a claim submitted in which coverage is clear.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this claim pursuant to D.C. Code § 11-921(a)(6).

3.      This Court has personal jurisdiction over the Defendants pursuant to D.C. Code § 13-423(a)(1)-(2),(6).

4.      The acts alleged in this Complaint occurred in the District of Columbia and therefore venue is proper in this district.

## PARTIES AND RELEVANT PERSONS

5.      Plaintiff HRH is a limited liability company formed under the laws of the District of Columbia with its principal place of business located in the District of Columbia. HRH Services LLC, trading as the Alibi, operated a restaurant located at 237 2nd Street NW, Washington, DC 20001. HRH is owned by Rachel Traverso and Richard Traverso.

6.      Defendant Travelers is a corporation formed and organized under the laws of the state of Connecticut, which conducts substantial business activities in the District of Columbia.

7.      Northfield is an Iowa corporation, which conducts substantial business activities in the District of Columbia.  At all times relevant, Defendant Northfield acted as the actual and/or apparent agent of Travelers.  Upon information and belief, at all times relevant, Northfield participated in a joint venture with Travelers for purposes of providing insurance services to

2

Travelers.

## FACTS COMMON TO ALL COUNTS

8.    HRH was formed and organized on December 8, 2014, to operate a bar and restaurant in the District of Columbia located at 237 2nd Street NW, Washington, DC. The restaurant traded as The Alibi.

9.    At all times relevant, HRH lawfully operated the Alibi as a restaurant and bar.

10.    In connection with the operation of the Alibi, HRH obtained a commercial general liability and property insurance policy from Travelers and Northfield—Policy No. ws449050 ("Policy"). The Policy Period was November 18, 2020, to November 18, 2021.  The "Premises" in the Policy is defined as 237 2nd Street NW, Washington, DC 20001. The Insured under the Policy is "HRH Services LLC DBA The Alibi."

11.    At all times relevant, the Policy was in full force and effect, and HRH complied with the terms of the Policy.

12.    Pursuant to the terms of the Policy, Defendants agreed to "pay for direct physical loss or damage to Cover Property at the premises…caused by or resulting from any Covered Cause of Loss" (hereinafter "Building and Personal Property Coverage").  Covered Property" included, without limitation, the "Building" where HRH operated the Alibi, "Personal Property" owned by HRH to maintain or service the Building, HRH's "Business Personal Property" (e.g. furniture, machinery, "stock", etc.), and "Personal Property of Others" located in the Building. "Covered Cause of Loss" is defined to include, among other things, "direct physical loss" caused by fire.  The coverage limits for the Building and Personal Property Coverage is $275,000.

13.    In addition, pursuant to the terms of the Policy, Defendants agreed to "pay for the actual loss of Business Income [HRH] sustained due to the necessary 'suspension' of [HRH's]

3

'operations' during the 'period of restoration'" (hereinafter "Business Income Coverage"). The Business Income Coverage applied to any "suspension" "caused by direct physical loss of or damage to property at premises" and the "loss or damage must be caused by or result from a Covered Cause of Loss." As discussed above, "Covered Cause of Loss" is defined to include, among other things, "direct physical loss" caused by fire. The coverage limits for Business Income Coverage is $200,000.

14.    Furthermore, pursuant to the terms of the Policy, Defendants agreed to pay for the Replacement Cost for "Tenants' Improvements and Betterment", which is defined as "fixtures, alterations, installations or additions: made a party of the building or structure" occupied, but not owned by, HRH; and "acquired or made at [HRH's expense' but cannot legally remove" from the Premises (hereinafter "Tenants' Improvements and Betterment Coverage"). The limits of coverage for the Tenants Improvements and Betterments Coverage was $300,000,

15.    On September 14, 2021, the Premises caught fire, destroying HRH's Personal Property and the Tenant Improvements and Betterments, resulting in lost Business Income, and forcing HRH to temporarily close the Alibi. Due to Defendants' breach of contract and bad faith, HRH has been forced to permanently close the Alibi.

16.    As a result of the fire on September 14, 2021, HRH lost Business Income as defined under the Policy, its Personal Property located within the Premises was destroyed, and the Tenant Improvements and Betterments were destroyed.

17.    On or about September 16, 2021, HRH put Defendants on notice of its claim under the Policy.

18.    On or about September 20, 2021, HRH hired a public adjustor to handle and process the insurance claim on behalf of HRH with respect to the Policy.

4

19.  On or about September 16, 2021, HRH opened an insurance claim with Defendants (claim no. F3D4209) (hereinafter "Claim").

20.  In response to the Claims, Defendants engaged in a series of endless, unreasonable, and unnecessary delays.

21.  On September 21, 2021, HRH was contacted by Alexander Casillas, a "Forensic Analyst" for Travelers regarding the "business interruption portion" of the Claim.  Ms. Casillas requested the following information:

- Normal days and hours of the business, including days and holidays closed.
- Monthly sales reports for January 2019 – August 2021.
- Sales report for 9/1/2021 – 9/14/2021 only.
- Sales reports for any sales during the loss period.
- Full year tax return or profit and loss statement for 2020.
- Payroll reports for 3 pay periods immediately prior to the loss.
- Payroll reports for any payroll during the loss period.
- Please provide a copy of the lease if not already provided.

HRH promptly provided this requested information to Defendants.

22.  On or about September 22, 2021, Travelers conducted an inspection of the Premises.

23.  On September 27, 2021, Defendants adjustor, Paul, requested to interview Mr. Scahill, Rachel Traverso's husband. HRH and Mr. Scahill agreed to the interview, which was done.

24.  On or about October 8, 2021, Travelers performed an inspection of the Premises and reached agreement as to what items/areas will fall under Improvements and Betterments and BPP with HRH's public adjustor.

25.  On October 15, 2021, Defendants' "Special Investigations Unit" took over the claim which added to Defendants' delays in processing and paying the Claim.

26.  On January 5, 2022, Clay Kennedy, the General Adjustor for Travelers, stated, "I

should have an update for you the first part of next week."

27.    Clay Kennedy provided no update.

28.    On January 12, 2022, Clay Kennedy stated, "Sorry but I am still waiting to be advised if anything else is needed on the investigation side."

29.    On January 25, 2022, Clay Kennedy stated, "Just sent an email to our investigator for an update."

30.    Clay Kennedy provided no update.

31.    With still no update on the status of the Claim from Defendants, on April 4, 2022, HRH received a letter from Defendants' attorney requesting an examination under oath of Richard Traverso, Rachel Traverso, and Martin Scahill (even though Scahill is not an owner of HRH, not an insured under the Policy, and Travelers has no right to take his examination under oath). Defendants' attorney further requested a broad, litany of requests for documents wholly unrelated to the Claim or the Policy, such as individual tax returns for the owners, personal credit card statements, and personal bank statements. These requests were not related to the Claim and were beyond the scope of what Defendants were entitled to under the Policy or required to process the claim. Ultimately, this was just a further delaying tactic by Defendants rather than promptly processing and paying the Claim.

32.    Nonetheless, in an effort to appease Defendants, Richard Traverso and Rachel Traverso agreed to the examinations under oath, and agreed to produce the requested documents. Richard and Rachel Traverso also requested that Defendants sign a non-disclosure agreement for the personal financial documents requested by Defendants given the highly personal nature of the documents. Defendants did not respond to this request.

33.    Despite several attempts to contact Defendants' attorney to schedule the

6

examinations under oath for Richard and Rachel Traverso, Defendants did not respond.

34. On August 23, 2022, Defendants finally completed the examination under oath of Richard Traverso.

35. On August 23, 2022, Defendants began the examination under oath of Rachel Traverso. Because the questioning went far afield from the Claim and what was permitted under the Policy, Rachel Traverso requested that the examination under oath be suspended so she could retain a lawyer.

36. Shortly thereafter, Ms. Traverso and HRH retained a lawyer.

37. Since December, Ms. Traverso and HRH's lawyer contacted Defendants' counsel on several occasions to schedule Ms. Traverso's examination under oath. For example, on December 29, 2022, Plaintiffs' Counsel wrote:

> Mr. Roswell,
>
> My name is Brendan Klaproth. I have been retained by HRH Services with respect to their insurance claim (claim no. F3D4209). Travelers has failed to timely pay/resolve the claim, which has been pending now for approximately fifteen (15) months.
>
> I understand you have completed the examination under oath of Richard Traverso, and began the examination of Rachel Traverso Scahill which was suspended so that she could obtain counsel. Please let me know some available dates to complete this examination so that we can get this claim promptly resolved. I appreciate your assistance.
>
> Best regards,
> Brendan

38. Despite Plaintiffs' efforts to respond to all Defendants' unrelated, unreasonable, and unnecessary demands for additional information and to schedule the examination under oath as requested by Defendants, Defendants have yet to schedule Ms. Traverso's examination under oath.

39. Defendants have used its endless "investigation" as a ruse to avoid paying the

Claim as required under the Policy. These intentional delays in processing and paying the Claim constitutes bad faith.

40.    These requests have gone largely unanswered and the examination under oath has yet to be scheduled. And still to date, Defendants have failed to process and pay Plaintiffs' Claim.

## COUNT I
### Breach of Contract
### (All Defendants)

41.    Plaintiffs reallege and incorporate by reference the allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

42.    An insurance contract existed between HRH and Defendants.

43.    Pursuant to the terms of the Policy, Defendants agreed to "pay for direct physical loss or damage to Cover Property at the premises...caused by or resulting from any Covered Cause of Loss" (hereinafter "Building and Personal Property Coverage"). Covered Property" included, without limitation, the "Building" where HRH operated the Alibi, "Personal Property" owned by HRH to maintain or service the Building, HRH's "Business Personal Property" (e.g. furniture, machinery, "stock", etc.), and "Personal Property of Others" located in the Building. "Covered Cause of Loss" is defined to include, among other things, "direct physical loss" caused by fire. The limits of coverage for the Building and Personal Property Coverage is $275,000.

44.    In addition, pursuant to the terms of the Policy, Defendants agreed to "pay for the actual loss of Business Income [HRH] sustained due to the necessary 'suspension' of [HRH's] 'operations' during the 'period of restoration'" (hereinafter "Business Income Coverage"). The Business Income Coverage applied to any "suspension" "caused by direct physical loss of or damage to property at premises" and the "loss or damage must be caused by or result from a

Covered Cause of Loss." As discussed above, "Covered Cause of Loss" is defined to include, among other things, "direct physical loss" caused by fire. The limits of coverage for Business Income Coverage is $200,000.

45.    Furthermore, pursuant to the terms of the Policy, Defendants agreed to pay for the Replacement Cost for "Tenants' Improvements and Betterment", which is defined as "fixtures, alterations, installations or additions: made a party of the building or structure" occupied, but not owned by, HRH; and "acquired or made at [HRH's expense' but cannot legally remove" from the Premises (hereinafter "Tenants' Improvements and Betterment Coverage"). The limits of coverage for the Tenants Improvements and Betterments Coverage was $300,000.

46.    Defendants breached their contract with HRH by: failing to pay the Claim; failing to acknowledge and act reasonably promptly upon communication with respect to the Claim; failing to conduct a reasonable investigation; failing to affirm or deny coverage of claim within a reasonable time; failing to attempt in good faith to effectuate prompt, fair, and equitable settlement of claims in which liability is clear; unreasonably delay the investigation or payment of claims by requiring both a formal proof of loss form and subsequent verification that would result in duplication of information and verification appearing in the formal proof of loss form; refuse to pay a claim for a reason that is arbitrary and capricious based on all available information; and failing to promptly settle the Claim when coverage under the Policy is clear.

47.    Defendants' refusal to provide coverage under the Policy and to promptly investigate the Claim is oppressive and vexatious conduct that warrants attorney's fees.

48.    As a direct and proximate result of Defendants' breach of contract, Plaintiffs' suffered substantial damages, which include having to close their business permanently.

49.    WHEREFORE, Plaintiffs pray for relief in the form of a judgment awarding

compensatory damages, consequential damages, punitive damages, attorney's fees and costs, together with interest on Plaintiffs' claims, plus pre and post judgment interest, expenses, and any other relief the Court deems proper.

## COUNT II
### Breach of the Implied Covenant of Good Faith and Fair Dealing
### (All Defendants)

50.    The Plaintiffs reallege and incorporate by reference the allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

51.    Implied in the Policy is an obligation that Defendants act in good faith and fair dealing to provide the insurance services contained in the Policy to HRH. This implied duty to act in good faith required Defendants to: (1) promptly investigate the facts and applicable law; (2) promptly evaluate the Claim; and (3) pay those amounts owed to HRH under the Policy.

52.    Defendants breached its implied duty of good faith and fair dealing by:

 a. requesting the same information from Plaintiffs on multiple occasions;

 b. requesting information unrelated to Plaintiffs' Claim;

 c. requesting personal financial information from the owners of HRH, which has no relation to the Claim;

 d. weaponizing an examination under oath as a tool to harass the owners of HRH with requests for information unrelated to the Claim and as a tool to delay paying the Claim;

 e. failing to pay the Claim;

 f. failing to acknowledge and act reasonably promptly upon communication with respect to the Claim;

 g. failing to conduct a reasonable investigation;

 h. failing to affirm or deny coverage of claim within a reasonable time;

 i. failing to attempt in good faith to effectuate prompt, fair, and equitable settlement of claims in which coverage is clear;

10

j.  unreasonably delaying the investigation or payment of claims by requiring both a formal proof of loss form and subsequent verification that would result in duplication of information and verification appearing in the formal proof of loss form;

k.  refusing to pay a claim for a reason that is arbitrary and capricious based on all available information; and failing to promptly settle the Claim when coverage under the Policy is clear;

l.  failing to evaluate Plaintiffs' Claim completely, honestly, and objectively in light of all of the available information;

m.  failing to assign experienced staff to assess Plaintiffs' claim;

n.  failing give Plaintiffs' interests the same consideration as its own;

o.  demonstrating a greater concern for its monetary interests rather than the financial interests of the insured; and,

p.  failing to seek a declaratory judgment action to determine the applicability of the Policy to the Claim made by Plaintiffs.

53.    As a direct and proximate result of Defendant negligent handling of the insurance Claim, Plaintiffs suffered substantial damages, which include having to close their business permanently.

54.    WHEREFORE, Plaintiffs pray for relief in the form of a judgment awarding compensatory damages, consequential damages, punitive damages, attorney's fees and costs, together with interest on Plaintiffs' claims, plus pre and post judgment interest, expenses, and any other relief the Court deems proper.

**Count III**
**Breach of Fiduciary Duty**
**(All Defendants)**

55.    Plaintiffs reallege and incorporate by reference the allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

11

56.    An insurer-insured relationship existed between Defendants and Plaintiffs. Pursuant to that relationship, Defendants owned Plaintiffs fiduciary duties, including the duties of care, loyalty, disclosure, competence, and communication. This duty arose from the fact that Defendants went beyond the typical insurer-insured relationship by Defendants assuming complete control over the investigation and preventing Plaintiffs from accessing any of their personal property while Defendants investigated the Claim. This duty further arose from the fact that Defendants refused to permit Plaintiffs from salvaging any of HRH personal property while Defendants conducted their investigation. Due to Defendants' delay in investigating the Claim, Plaintiffs were prevented from salvaging their personal property contained within the premises, which resulted in Plaintiffs' personal property being destroyed, stolen, and/or disposed of by HRH's landlord.  The personal property destroyed, stolen, and/or disposed of by the landlord include, without limitation, HRH's computer system, liquor, equipment, business records, and a safe containing cash.

57.    Defendants breached the fiduciaries duties owned to their insured by refusing to timely process and pay the Claim made by Plaintiffs.  In addition, Defendants breached their duty by putting its financial interests ahead of its insured. Further, Defendants breached their fiduciary duty to Plaintiffs by refusing to allow Plaintiffs to access and/or salvage their personal property during the pendency of Defendants' unnecessarily prolonged investigation.

58.    Defendants breached their duties of care, loyalty, and competence by failing to promptly investigate and evaluate the Claim.

59.    Defendants breached their duties of care, loyalty, and competence as set forth in ¶ 52(a)-(p) which is hereby incorporated by reference as if set forth fully herein.

60.    As a direct and proximate result of Defendants' bad faith and breach of their

12

fiduciary duty, Plaintiffs suffered substantial damages, which include having to close their business permanently.

61.    WHEREFORE, Plaintiffs pray for relief in the form of a judgment awarding compensatory damages, consequential damages, punitive damages, attorney's fees and costs, together with interest on Plaintiffs' claims, plus pre and post judgment interest, expenses, and any other relief the Court deems proper.

## Count IV
## Negligent Handling of Insurance Claim
## (All Defendants)

62.    The Plaintiffs reallege and incorporate by reference the allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

63.    Defendants had a duty to exercise reasonable care in evaluating and processing the Claim. This duty is separate and apart from those duties contractually required by the Policy, which arises in the context of "mishandling a claim of insurance." *Choharis v. State Farm Fire & Cas. Co.*, 961 A.2d 1080, 1088 (D.C. 2008). Defendants breached this duty by: (1) making multiple requests for the same information; (2) failing to assign properly trained staff to handle the Claim; (3) conducting multiple investigations (e.g. adjustor, Special Investigations Unit, outside law firm) for a single claim, which has caused confusion on the part of Defendant and that required Plaintiffs to provide the same information on multiple occasions; (4) failing to completely evaluate the information provided by Defendants; (5) allowing its investigation to go beyond the scope of the Claim or what is required under the Policy; (6) failing to promptly respond to Plaintiffs' communication and/or to promptly schedule the examination under oath of Ms. Traverso; and (7) refusing to permit Plaintiffs from accessing and/or salvaging their personal

13

property.

64.    As a direct and proximate result of Defendants' negligent handling of the insurance Claim, Plaintiffs suffered substantial damages, which include, *inter alia*, having to close their business permanently and the destruction of their personal property that could have been salvaged but for the Defendants' negligence.

65.    WHEREFORE, Plaintiffs pray for relief in the form of a judgment awarding compensatory damages, punitive damages, attorney's fees and costs, together with interest on Plaintiffs' claims, plus pre and post judgment interest, expenses, and any other relief the Court deems proper.

**Count V**
**Negligent Infliction of Emotional Distress**
**(Rachel Traverso Only Against All Defendants)**

66.    The Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

67.    At all times relevant, Defendants had a special relationship with Rachel Traverso —Insurer-Insured. Because of this special relationship, Defendants are aware that failure to promptly and fairly investigate, evaluate, process, and pay an insurance claim where coverage exists could cause severe emotional distress to their insured. Defendants are further aware that their mishandling of an insurance claim by requesting the same information on multiple occasions and by delaying the processing and paying of a claim by twenty-one months could cause severe damage to a business relying upon the insurance coverage for its continued viability. Defendants are further aware that delaying payment for an insurance claim for twenty-one months could result in a business going out of business and cause severe emotional distress to a business owner/insured.

14

68.    As a result of Defendants' negligence, Rachel Traverso has suffered serious and verifiable emotional distress, which includes anxiety and depression.

69.    WHEREFORE, Rachel Traverso demands judgment against Defendants, jointly and severally, for compensatory and punitive damages, as well as costs, fees and pre and post judgment interest and such further relief the Court deems just and proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs prays for relief in the form of a judgment awarding compensatory damages, consequential damages, punitive damages, attorney's fees and costs, together with interest on Plaintiffs' claims, plus pre and post judgment interest, expenses, and any other relief the Court deems proper against Defendants, joint and severally.

## JURY AND TRIAL DEMAND

Plaintiffs hereby demand a trial by jury with respect to each claim in this Complaint.

Respectfully submitted,

Brendan Klaproth (D.C. Bar No. 999360)
Klaproth Law PLLC
2300 Wisconsin Ave NW
Suite 100A
Washington, DC 20007
Telephone: 202-618-2344
Email: Bklaproth@klaprothlaw.com
*Attorney for Plaintiffs*

15